05-4742.122-JCD                                    August 14, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
IN RE SEARS, ROEBUCK & CO.       )
TOOLS MARKETING AND SALES        )    MDL-1703
PRACTICES LITIGATION             )    No. 05 C 4742
                                 )
---------------------------------
                                 )
JEFFREY GREENFIELD,              )
individually and on behalf of all )
others similarly situated,       )
                                 )
                Plaintiff,       )
                                 )
           v.                    )    No. 05 C 4744
                                 )
SEARS, ROEBUCK & CO.,            )
                                 )
                Defendant.       )
```

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the remaining claims of plaintiff's first amended class action complaint with prejudice for lack of jurisdiction. For the reasons discussed below, the motion is denied.

This case is part of a multidistrict litigation ("MDL") in which plaintiffs claim that defendant, Sears, Roebuck & Company ("Sears"), deceptively advertised its line of Craftsman tools as manufactured in the United States when in fact many of the tools are foreign-made or contain significant foreign parts. Plaintiff, Jeffrey Greenfield, is a Florida resident who alleges that in 2004, he bought a Craftsman ratcheting screwdriver from the Sears store

in Aventura, Florida that "did not qualify to be marketed as Made in the USA." (First Am. Compl. ¶¶ 6-7, 64.) He asserts claims for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count I), breach of warranty under the Magnuson-Moss Warranty Act (Count II), and unjust enrichment (Count III), and he sought certification of a class of Florida plaintiffs. In a memorandum opinion dated March 22, 2012, we denied Greenfield's motion for class certification and granted Sears's motion to dismiss Count II, the Magnuson-Moss claim, with prejudice.

In a letter to Greenfield's counsel dated April 26, 2012, Sears offered "to settle Mr. Greenfield's claims for the total sum of $4,000.00, inclusive of any attorneys' fees, costs and other possible costs and expenses of any kind, provided that this matter is dismissed with prejudice." The letter also stated Sears's belief that its offer "far exceed[ed] any maximum recovery Mr. Greenfield could possibly obtain for his alleged $19.95 screwdriver under the [FDUTPA] and under a theory of unjust enrichment . . . ." (Def.'s Mot. to Dismiss, Ex. 1.) Plaintiff's counsel rejected the offer by letter the next day, stating in essence that Sears's offer was unrealistic and disregarded its potential liability under the FDUTPA. (Def.'s Mot., Ex. 3.) Sears then filed the instant motion on the ground that the rejection of Sears's offer of "complete relief" moots plaintiff's claims and requires dismissal. (Def.'s Mot. at 1, 4.)

- 3 -

"The doctrine of mootness stems from Article III of the Constitution, which limits the jurisdiction of federal courts to live cases or controversies.  The doctrine demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation."  Damasco v. Clearwire Corp., 662 F.3d 891, 894-95 (7th Cir. 2011) (citation omitted).  "Therefore, 'once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.'"  Id. at 895 (brackets omitted) (quoting Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)).  The offer of relief must be complete: "[O]bviously the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants."  Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999).

According to Sears, the most that plaintiff could possibly recover in damages or disgorgement of profits on his FDUTPA or unjust enrichment claim (keeping in mind that he cannot recover twice for the same injury) is $19.95, plus perhaps some additional small amount of sales tax.  It also contends that even though the FDUTPA provides for a potential attorneys' fees award, plaintiff would not be entitled to these fees.  In Sears's view, Greenfield would not be a prevailing party due to the fact that he "achieved

- 4 -

neither a judgment on the merits nor a settlement agreement enforced through a court-ordered consent decree." (Def.'s Mem. in Supp. of Mot. to Dismiss at 8.) Alternatively, Sears argues, even if Greenfield were entitled to recover fees under the FDUTPA as a prevailing party, $0 would be the only reasonable fee award because his relief would be merely technical or *de minimis*.

Plaintiff asserts that by failing to include any declaratory or injunctive relief or a reasonable provision for attorneys' fees, Sears's settlement proposal did not offer complete relief and therefore did not moot this lawsuit.[1] We agree with plaintiff that Sears's offer did not satisfy Greenfield's entire demand. The FDUTPA, which prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce," Fla. Stat. Ann. § 501.204, provides that "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs . . . ." Fla. Stat. Ann. § 501.211(2). The statute also provides that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this

---

[1] Plaintiff also argues that Sears's settlement offer failed to preserve his right to appeal this court's dismissal of the Magnuson-Moss claim and denial of the motion for class certification. We need not address that argument.

- 5 -

part." Fla. Stat. Ann. § 501.211(1). In his complaint, Greenfield
seeks "actual and/or compensatory damages," in addition to
attorneys' fees and costs, injunctive relief, and other relief as
the court deems just and proper. (First Am. Compl. ¶ 105.) He
also seeks a declaration "that Sears has been misleading Plaintiff
[and others] who purchased Craftsman tools." (First Am. Compl.
Prayer for Relief.)

In its motion and accompanying memorandum, Sears does not
address the availability of, or Greenfield's demands for,
injunctive and declaratory relief. In its reply brief, Sears calls
Greenfield's argument regarding the offer's lack of declaratory
relief "frivolous" because the "FDUTPA claim does not seek
declaratory relief." (Def.'s Reply at 3 n.5.) In our view, it is
Sears's argument that borders on frivolous because Greenfield's
demand for declaratory relief is included in his prayer for relief.
Sears's offer did not include declaratory relief; therefore, it was
not complete.

Sears's offer also failed to include injunctive relief. Sears
contends that to obtain this relief, Greenfield would have to prove
that he was "aggrieved by a violation" of the FDUTPA and he could
not do so because his only loss was approximately $19.95, he
rejected Sears's offer to pay him more than 200 times that amount,
and "any case or controversy (including one for injunctive relief)
regarding that loss is moot." (Reply at 5.) Regarding plaintiff's

demand for attorneys' fees, Sears makes a similar argument:
"Greenfield achieved neither a judgment on the merits nor a
settlement agreement enforced through a court-ordered consent
decree.  Instead, by rejecting Sears's offer, Greenfield achieved
$0 . . . [and] is not a prevailing party entitled to recover
attorneys' fees and costs."  (Def.'s Mem. at 8.)

Sears's arguments are akin to that made by the City of Chicago
in Gates v. Towery, 430 F.3d 429 (7th Cir. 2005).  In Gates, the
plaintiffs challenged the procedures that the City used for dealing
with property seized by police when making arrests.  The plaintiffs
sought return of the property, prejudgment interest, compensatory
damages attributable to loss of the property's use, and
compensation for the value of their time devoted to its retrieval.
430 F.3d at 431.  The City tendered each of the two plaintiffs a
check for the amount of cash that had been seized from him, with a
promise of interest to follow.  Plaintiffs' counsel returned the
checks because the City had omitted costs and damages.  The City
appealed the district court's subsequent certification of a class,
arguing pre-certification mootness.  The Court of Appeals agreed
with plaintiffs that the proferred relief was incomplete, stating:

> A tender is insufficient unless it makes the plaintiff
> whole and thus must include the filing fees and other
> costs under 28 U.S.C. § 1920.  And a promise of interest
> tomorrow differs from cash today; Chicago has a history
> of delay in payment, so a prudent litigant may attach a
> steep discount to a promise unaccompanied by a check.
> Especially because the City denies that interest is owed
> but offers it only as a goodwill gesture.

Then there is the matter of damages. Chicago contends that neither the Constitution nor any statute entitles anyone to damages. That's not correct: a person whose rights under the due process clause have been violated receives nominal damages if he cannot show out-of-pocket loss or other concrete injury. The City did not tender even $1 for nominal damages.

Cash on the barrelhead to cover costs, interest, and nominal damages still would not be enough, because plaintiffs want compensatory damages (if not punitive damages). Chicago maintains that they have not established any compensable loss, but this gets the cart before the horse. A court may resolve such an issue if and only if there is a live controversy. A defendant cannot demand and receive an opinion on the merits of some aspect of plaintiffs' claims, pay off the rest, and then contend the whole suit is moot and must be dismissed, consigning the opinion to advisory status. To eliminate the controversy and make a suit moot, the defendant must satisfy the plaintiffs' _demands_; only then does no dispute remain between the parties.

Chicago is unwilling to satisfy plaintiffs' demands. [Plaintiffs] and others similarly situated are entitled to a judge's decision on what if any relief (in addition to return of the seized funds) is appropriate. Perhaps the City is right in thinking that prejudgment interest is all the compensation due and makes nominal damages unavailable because interest represents actual damages from loss of the property's use. Still, this is a question for the district judge to resolve on the merits. A defendant cannot simply assume that its legal position is sound and have the case dismissed because it has tendered everything it _admits_ is due. Mootness occurs when no more relief is possible. That point has not been reached.

To say, as Chicago does, that a class may not be certified because no more relief is _proper_ is to miss the distinction between being in the right and the absence of a case or controversy. By Chicago's lights, unsuccessful lawsuits should be dismissed as moot (because the defendant owes nothing) rather than decided on the merits. That's not the way things work: A bad theory (whether of liability or of damages) does not undermine federal jurisdiction.

430 F.3d at 431-32 (citations omitted) (emphasis added). Like the

City of Chicago, Sears has put the cart before the horse; it made

- 8 -

an offer that satisfied only some of Greenfield's demands and argues that the remainder of what plaintiff is seeking is predicated on bad theories[2] and that it was somehow rendered unavailable by plaintiff's rejection of the incomplete offer. Sears has failed to demonstrate mootness.

We must address one final matter. Plaintiff maintains that Sears, by attaching to its motion plaintiff's counsel's response letter of April 27, 2012 and by referring to the substance of the two settlement agreements in another case in this MDL, has violated Federal Rule of Evidence 408 and has waived the confidentiality provisions in the settlement agreements. Plaintiff requests that we strike the letter and the references to the settlement agreements from Sears's moving papers. The request is denied. The settlement agreements (as quoted by plaintiff) contain a provision stating that they are "subject to Federal Rule of Evidence 408 and any other applicable confidentiality rule and as such shall not be admissible in any proceeding." (Pl.'s Opp'n at 19.) Rule 408 provides that evidence of settlements, offers to settle, or statements made in settlement negotiations are inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

---

[2] Sears's contention that it would be "shield[ed] from both a damage award and an award of fees or costs" under the FDUTPA's "safe haven" for a retailer who has in good faith engaged in the dissemination of a manufacturer's or wholesaler's claim without actual knowledge that it violated the statute, Def.'s Mem. at 8, is a prime example of a question that would have to be resolved on the merits.

- 9 -

Sears has not offered the letter or substance of the settlement agreements for either purpose; thus, it has not violated Rule 408 or the confidentiality provision cited by plaintiff.

## CONCLUSION

The motion of defendant Sears, Roebuck & Company to dismiss plaintiff Jeffrey Greenfield's remaining claims for lack of jurisdiction [72, 74] is denied.


DATE:      August 14, 2012


ENTER:    _____

John F. Grady, United States District Judge